**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

v.                   **Case No. 4:21-CR-00194-01-LPR**

**JOSEPH BRIAN STEVENSON**                                               **DEFENDANT**

## ORDER

Defendant's Motion to Reduce Sentence (Doc. 50) is DENIED.

Applying retroactive Guidelines Amendment 821 does not change Defendant's applicable guideline range. Although his criminal history score goes from 15 to 14, his criminal history category and sentencing range remain the same.[1]

Additionally, Defendant's plea agreement provides that he "waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

IT IS SO ORDERED this 9th day of January, 2024.

                                                      _____
                                                      LEE P. RUDOFSKY
                                                      UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. 41.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).